IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN WAYNE BRIDGES,<br><br>       Plaintiff<br><br>       VS.<br><br>WARDEN COLSON, *et al.*,<br><br>       Defendants | **NO. 1:08-CV-123 (WLS)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Defendants herein have filed a motion seeking the dismissal of this action based on the plaintiff's failure to prosecute. Tab #26. Plaintiff JOHN WAYNE BRIDGES filed this action on June 20, 2008, in the United States District Court for the Northern District of Georgia. The case was ultimately transferred to this district in August of 2008. It does not appear that the plaintiff has filed *any* additional pleadings or motions or otherwise communicated with any court since initiating this lawsuit in June, 2008. On December 15, 2008, the defendants filed a Motion to Compel plaintiff's responses to discovery requests. This motion was granted on May 20, 2009. Tab #24. Plaintiff's service copy of the order granting defendants' motion to compel was returned as undeliverable on June 1, 2009. Tab #25. Additionally, plaintiff has failed to respond to either the defendants' Motion to Dismiss or the court's order directing a response thereto. See Tabs #27 and #28.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the plaintiff.  He has had no apparent communication with the court since initiating this lawsuit in June of 2008 and has clearly failed to inform the court as to his current address.  Inasmuch as the plaintiff has failed to respond to the court's orders compelling discovery responses and directing a response to defendants' Motion to Dismiss and has failed to keep the court informed as to his current address,

IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **GRANTED** and that this action be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

SO RECOMMENDED, this 12th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE