IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN WAYNE BRIDGES, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:08-CV-123 (WLS) |
| WARDEN COLSON, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed January 12, 2010. (Doc. 29). It is recommended that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 26) be **GRANTED**. Plaintiff filed an Objection on February 1, 2010. (Doc. 30).

Judge Hicks found that Plaintiff's Complaint (Doc. 1) should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Judge Hicks found that Plaintiff instituted the instant action on June 20, 2008 in the United States District Court for the Northern District of Georgia. The case was transferred to this Court in August 2008. (Doc. 2; Doc. 10). Judge Hicks found that dismissal was appropriate since Plaintiff failed to file any additional pleadings or motions or otherwise communicate with the Court following initiation of his lawsuit. Plaintiff failed to respond to Defendants' discovery requests despite an Order (Doc. 24) compelling Plaintiff to respond. Plaintiff also failed to respond to Defendants' motion to dismiss despite the Court's Order notifying Plaintiff of his right to respond (Doc. 28).

Plaintiff's objection contends that he voluntarily wishes to dismiss the instant action, but dismissal should be without prejudice. (Doc. 30). Plaintiff states that he is without his legal

1

records but did receive "motion from the defendants['] attorney about 2008 or 2009, requesting plaintiff dismiss his pro se complaint because [Plaintiff] had dropped several other defendants from said complaint." Id.  Plaintiff states that he filed a motion to dismiss his complaint without prejudice in 2009, that his motion was not allowed out of the prison via the mail system, and that he was not informed by prison officials that his motion was not mailed until January 20, 2010; which was the same date Plaintiff received Judge Hicks' Report and Recommendation.

Plaintiff's Objection (Doc. 30) includes no explanation as to his failure to communicate with the Court, apprise the Court of an address change, or respond to Defendants' discovery requests and motion to compel.  Instead, Plaintiff urges that the Court dismiss his Complaint (Doc. 1) without prejudice.  As Judge Hicks noted, Fed. R. Civ. P. 41(b) authorizes dismissal where there has been "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); *see generally* Fed. R. Civ. P. 41(b) (generally providing that dismissal pursuant to 41(b) operates as dismissal upon the merits unless otherwise stated by the Court).  Plainly, dismissal is warranted as Judge Hicks found.  Nevertheless, the Court must determine whether such dismissal should be with or without prejudice.  "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  Goforth v. Owens, 766 F.3d 1533, 1535 (11th Cir. 1985).

The Court finds that notwithstanding Plaintiff's explanation regarding his purported motion to voluntarily dismiss his action, a review of the instant action does reveals a clear record of delay or willful conduct by Plaintiff.  Nevertheless, the Court finds that the lesser sanction of dismissal without prejudice suffices, since the circumstances are not extreme.[1]  Accordingly,

---

[1]  The Court notes that Defendants did not file any response to Plaintiff's Objection urging dismissal with

upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 29) should be, and hereby is, **ACCEPTED, ADOPTED in part** and made the Order of this Court for reason of the findings made and reasons stated therein as to the propriety of dismissal; however, said Report and Recommendation is **MODIFIED** to the extent that dismissal with prejudice is implicitly recommended.  Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 26) is **GRANTED**.  Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 9th day of February, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

prejudice or asserting that Defendants would suffer prejudice if the Court were to dismiss Plaintiff's Complaint without prejudice.  See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).